# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs August 3, 2004

## STATE OF TENNESSEE  v.  JAMES JOHNSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-03451     Chris Craft, Judge**

---

**No. W2003-02009-CCA-R3-CD  - Filed October 20, 2004**

---

THOMAS T. WOODALL, J., concurring in part and dissenting in part.

I concur with the majority opinion on all issues except that portion which modifies the sentence to twenty-one years.  I agree that the United States Supreme Court's opinion in *Blakely v. Washington*, 542 US ____, 124 S.Ct. 2531 (2004), questions the validity of Tennessee's sentencing scheme.  I agree that prior to *Blakely*, this Court's holding should be that enhancement factors (11) and (17) could not be applied, but that the remaining enhancement factors, (2), (6), and (10), would be applicable.  However, under *Blakely*, it is clear that only evidence of prior convictions can be used to enhance a sentence without a jury making a determination of the existence of an enhancement factor, or where the jury determination is waived by the defendant, or where the application of another enhancement factor is "admitted" by the defendant.  The term "admitted by Defendant," while seemingly clear at first glance, has not been conclusively defined by judicial decision.  The United States Supreme Court in *Blakely* may have meant "admitted" in the context of a judicial proceeding such as a guilty plea hearing with the solemnity of a guilty plea.  Or, the Court possibly meant an admission by a defendant in testimony at a sentencing hearing.  Thus, the meaning of the term "admitted by the defendant" is subject to debate, and is better left to appellate review when that precise issue has been squarely addressed by a trial court and thereafter raised on appeal.

I therefore, will agree with the majority that Defendant, in this case, did not "admit" enhancement factors (6) and (10).  My disagreement with the majority is that I feel the appropriate disposition of this case is a remand for a new sentencing hearing wherein the trial court is instructed to sentence Defendant using the only enhancement factor allowed, absent a jury determination, and that is Defendant's prior convictions.  In this case, the trial court did an exceptional job in detailing which enhancement factors it applied and the reasons therefore.  Obviously, the trial court sentenced Defendant in this case prior to the United States Supreme Court's opinion in *Blakely*.  However, it appears that the trial court placed some weight on "criminal behavior by Defendant" to apply enhancement factor (2), and this conduct was not based upon any prior conviction.  While the ultimate results might be the same, I feel that the holding in *Blakely* is of such significance that the sentencing should be done by the trial court under the limitations provided in *Blakely*.  Otherwise, in my opinion, this Court is going beyond a *de novo* **review** and is conducting *de novo* sentencing. I therefore respectfully disagree with my esteemed colleagues in the majority opinion as to the manner of disposition of the sentence in this appeal, and would remand for a new sentencing hearing.

_____
THOMAS T. WOODALL, JUDGE